# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JOSÉ A. LÓPEZ-RIVERA,**

    **Plaintiff,**

    v.

**HOSPITAL AUXILIO MUTUO, INC., et al.,**

    **Defendants.**

**Civil No. 16-1129 (ADC)**

## OPINION AND ORDER

The day after this Court dismissed the Amended Complaint without prejudice for failing to state a claim, plaintiff moved the Court to reconsider its judgment. *See* **ECF Nos. 4** (Amended Complaint); **68** (Opinion and Order); **69** (Judgment); **70** (Motion to Reconsider). Specifically, the motion asks the Court to alter its judgment by vacating the dismissal order and granting plaintiff leave to re-amend the complaint. **ECF No. 70**, ¶ 15. The motion does not identify its procedural vehicle, but "a post-judgment motion made within [twenty-eight] days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)." *Companion Health Servs., Inc.* v. *Kurtz*, 675 F.3d 75, 87 (1st Cir. 2012) (quoting *Glob. NAPs, Inc.* v. *Verizon New Eng., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)). And, the motion raises "classic Rule 59 claim[s]." *See Giuffre* v. *Deutsche Bank Nat'l Tr. Co.*, 759 F.3d 134, 137 (1st Cir. 2014) (alteration in original) (quoting *Pérez-Pérez* v. *Popular Leasing Rental, Inc.*, 993 F.2d 281, 283 (1st Cir. 1993)). Thus, the Court will consider the motion under Rule 59(e).

The Court "enjoys 'considerable' discretion" when ruling on a Rule 59(e) motion. *Carrero-Ojeda* v. *Autoridad De Energía Eléctrica*, 755 F.3d 711, 723 (1st Cir. 2014) (quoting *Soto-Padró* v. *Public Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012)). Courts "generally recognize three valid grounds for Rule 59(e) relief: 'an "intervening change" in the controlling law, a clear legal error, or newly-discovered evidence.'" *Id*. (quoting *Soto-Padró*, 675 F.3d at 9). "Requests to amend the pleadings, on the other hand, are generally governed by Federal Rule of Civil Procedure 15(a)." *Id*. (citing *Fisher* v. *Kadant, Inc.*, 589 F.3d 505, 508 (1st Cir. 2009)). "Rule 15(a) says that '[t]he court should freely give leave [to amend] when justice so requires.'" *Id*. (alterations in original) (quoting Fed. R. Civ. P. 15(a)(2)). But if "a motion to amend is filed after the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside." *Id*. (quoting *Fisher*, 589 F.3d at 508). "In other words, so long as the judgment remains in effect, a motion under Rule 15(a) is beside the point." *Id*. (citing *Fisher*, 589 F.3d at 509).

To quickly recap, pursuant to a Rule 12(b)(6) motion, the Court dismissed the Amended Complaint because the pleading did not provide fair notice to the defendants, nor did it state a facially plausible legal claim against them. *See* **ECF No. 68** at 7. Because plaintiff had not moved the Court for leave to re-amend the complaint, the Court dismissed the pleading and, thus, the action. *See id*. However, because the Court did not see any reason "to punish [plaintiff] for the ineffective filings of his attorney," the Court dismissed the action without prejudice. *See id*.

Plaintiff's motion fails to provide the Court with a cognizable reason to alter its dismissal order. *See* **ECF No. 70**. After reciting the procedural history of the case, plaintiff baldly alleges

that the amended complaint was facially sufficient, *id.*, ¶ 8, and that, in any event, discovery has made the defendants fully aware of the allegations against them, *id.*, ¶ 9. Plaintiff also complains that discovery has already progressed to "a very advanced stage," intimating that any delay due to a need to refile would throw this action out of sync with a parallel local matter involving "the same set of facts" and where "all co-defendants are represented by the same attorneys." *Id.*, ¶¶ 5-6. Thus, plaintiff asks the Court to reconsider its dismissal order in order to give him leave to re-amend the complaint. *Id.*, ¶ 15. However, plaintiff does not identify, let alone articulate in a developed manner, "an 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence.'" *See Carrero-Ojeda*, 755 F.3d at 723 (quoting *Soto-Padró*, 675 F.3d at 9). Instead, the only reason that plaintiff's motion proffers for Rule 59(e) relief is the inconvenience to his litigation strategy that refiling may cause.

Finally, plaintiff asserts that the Court had a duty to "inform [him] of [his] right to amend unless amendment would be inequitable or futile." **ECF No. 70**, ¶ 13 (citing *Grayson* v. *Mayview State Hosp.*, 293 F.3d 103 (3rd Cir. 2002)). However, *Grayson* dealt with the specific situation of a civil-rights plaintiff alleging constitutional claims against the government under 42 U.S.C. § 1983. *See Grayson*, 293 F.3d at 105. That is the "context" to which the *Grayson* Court was referring when it stated that the Third Circuit Court of Appeals has "'never required plaintiffs to request leave to amend' in this context." *See id.* at 108 (quoting *Dist. Council 47* v. *Bradley*, 795 F.2d 310, 316 (3rd Cir. 1986) (finding, in a Section 1983 case, that the district court should have, sua sponte, offered the plaintiffs an opportunity to amend the pleading of their constitutional claims before

dismissing the pleading for failing to state a claim)). In the First Circuit, by contrast, "[i]n the absence of exceptional circumstances, a district court is under no obligation to offer a party leave to amend when such leave has not been requested by motion." *Hochendoner* v. *Genzyme Corp.*, 823 F.3d 724, 735-36 (1st Cir. 2016) (citing *United States ex rel. Karvelas* v. *Melrose-Wakefield Hosp.*, 360 F.3d 220, 241-42, 241 n.30 (1st Cir. 2004); then citing *Emerito Estrada Rivera-Isuzu De P.R., Inc.* v. *Consumers Union of U.S., Inc.*, 233 F.3d 24, 30-31 (1st Cir. 2000)). Here, where plaintiff had (and used) a previous opportunity to amend and where the insufficiency of the amended complaint was thoroughly briefed and argued in the defendants' motion to dismiss, *see* **ECF Nos. 4**, **38**, the Court finds an absence of exceptional circumstances. *See Hochendoner*, 823 F.3d at 736.

In sum, the Court hereby **DENIES** plaintiff's motion to reconsider. *See* **ECF No. 70**. The Court also **DISMISSES AS MOOT** plaintiff's motion to rule on his motion to reconsider. *See* **ECF No. 74**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of May, 2017.

                                            **S/AIDA M. DELGADO-COLÓN**
                                            **Chief United States District Judge**